**AKIN GUMP STRAUSS HAUER & FELD LLP**
REGINALD D. STEER (SBN 56324)
CHRISTOPHER M. EGLESON (SBN 295784)
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone:   (415) 765-9500
Facsimile:   (415) 765-9501
Email:   rsteer@akingump.com
         cegleson@akingump.com

Attorneys for Defendant VIZIO, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER LARSEN, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>vs.<br><br>VIZIO, INC.,<br><br>             Defendant. | Case No.: 8:14-cv-01865-CJC-JCG<br><br>**DEFENDANT VIZIO, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6))**<br><br>Date: April 20, 2015<br>Time: 1:30 p.m.<br>Courtroom: 9B<br><br>Complaint filed: Nov. 24, 2014<br><br>Judge: Cormac J. Carney<br>Magistrate Judge: Jay C. Gandhi |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

NOTE REGARDING PLAINTIFF's STATEMENT OF FACTS .................................. 2

ARGUMENT ........................................................................................................ 2

I. *Mazza* compels dismissal of Counts I–III & V–IX. ............................... 2

    A. *Mazza* compels dismissal of Plaintiff's *individual* California claims, and, thus, his class claims founded in California law. (Counts I–III) ................................................................................ 2

    B. Whether or not Plaintiff may pursue his individual claims, *Mazza* compels dismissal of his nationwide class claims. (Counts I–III & V–IX) ........................................................................... 6

II. Plaintiff has failed to allege a false statement at all, and has failed to satisfy Rule 9(b). ................................................................................... 9

    A. Plaintiff has not adequately alleged a false statement on which he relied. ................................................................................ 9

    B. Plaintiff has failed to comply with Rule 9(b). ............................... 11

    C. Rule 9(b) applies to Counts V, VII, and VIII. ............................... 13

III. Plaintiff's contract-based claims must be dismissed. (Counts V, VIII, & IX) .................................................................................................... 14

CONCLUSION .................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases** Page(s)

*Arc of California v. Douglas*,
  757 F.3d 975 (9th Cir. 2014) ................................................................................. 3

*Banks v. Nissan N. Am., Inc.*,
  No. C 11-2022, 2012 WL 8969415 (N.D. Cal. Mar. 20, 2012) ........................... 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................. 3

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001) ............................................................................ 12

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ..................................................................... 11, 13

*Clancy v. The Bromley Tea Co.*,
  No. 12-CV-03003-JST, 2013 WL 4081632 (N.D. Cal. Aug. 9, 2013) ................ 8

*Donohue v. Apple, Inc.*,
  871 F. Supp. 2d 913 (N.D. Cal. 2012) ................................................................. 5

*Forcellati v. Hyland's, Inc.*,
  876 F. Supp. 2d 1155 (C.D. Cal. 2012) ............................................................... 4

*Frenzel v. AliphCom*,
  No. 14-CV-03587, 2014 WL 7387150 (N.D. Cal. Dec. 29, 2014) .................. 7, 8

*Frezza v. Google Inc.*,
  No. 5:12-CV-00237-RMW, 2013 WL 1736788 (N.D. Cal. Apr. 22, 2013) .... 4, 7

*General Telephone Company of the Southwest v. Falcon*,
  457 U.S. 147 (1982) ............................................................................................. 6

*Granfield v. NVIDIA Corp.*,
  No. C 11-05403, 2012 WL 2847575 (N.D. Cal. July 11, 2012) .......................... 6

*Horvath v. LG Electronics Mobilecomm U.S.A., Inc.*,
  No. 3:11-CV-01576, 2012 WL 2861160 (S.D. Cal. Feb. 13, 2012) .................... 7

*In re Clorox Consumer Litigation*,
  894 F. Supp. 2d 1224 (N.D. Cal. 2012) ............................................................... 7

*In re Google Inc.*,
  No. 13-md-2430-LHK, 2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) .............. 7

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
  903 F. Supp. 2d 942 (S.D. Cal. 2012) .................................................................. 7

*In re Stac Electronics Sec. Litig.*,
  89 F.3d 1399 (9th Cir. 1996) .............................................................................. 13

*Jonczyk v. First Nat. Capital Corp.*,
   No. SACV 13-959, 2014 WL 1689281 (C.D. Cal. Jan. 22, 2014) .............................. 7

*Littlehale v. Hain Celestial Grp., Inc.*,
   No. C 11-6342, 2012 WL 5458400 (N.D. Cal. July 2, 2012) ...................................... 7

*Maine Farmers Exch. v. McGillicuddy*,
   697 A.2d 1266 (Me. 1997) .......................................................................................... 15

*Mazza v. American Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ............................................................................... *passim*

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ........................................................................................ 3

*Pardini v. Unilever United States, Inc.*,
   961 F. Supp. 2d 1048 (N.D. Cal. 2013) ....................................................................... 7

*Pilgrim v. Universal Health Card, LLC*
   660 F.3d 943 (6th Cir. 2011) (Sutton, J.) ................................................................ 7, 8

*Rikos v. Procter & Gamble Co.*,
   No. 1:11-CV-226, 2012 WL 641946 (S.D. Ohio Feb. 28, 2012) ............................ 7, 9

*Route v. Mead Johnson Nutrition Co.*,
   No. CV 12-7350, 2013 WL 658251 (C.D. Cal. Feb. 21, 2013) .................................. 7

*Sanford v. MemberWorks, Inc.*,
   625 F.3d 550 (9th Cir. 2010) ........................................................................................ 5

*Sater v. Chrysler Group LLC*,
   2015 U.S. Dist. LEXIS 21022 (C.D. Cal. Feb. 20, 2015) ......................................... 14

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ...................................................................................... 12

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) .............................................................................. 11, 13

*Werdebaugh v. Blue Diamond Growers*,
   No. 12-cv-2724-LHK, 2013 WL 5487236 (N.D. Cal. Oct. 2, 2013) .......................... 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 .................................................................................................................. 12

Fed. R. Civ. P. 9(b) ..................................................................................................... *passim*

FED. R. CIV. P. 12(f) ............................................................................................................ 9

Fed. R. Civ. P. 23(a)(4) ........................................................................................................ 6

# INTRODUCTION

Plaintiff's response fails to address most of the critical points concerning the two major issues on this motion: the procedural question whether Plaintiff's California law and nationwide class claims are viable in light of the Court of Appeals' binding decision in *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012, and the substantive issue whether Plaintiff has succeeded in alleging a misleading statement at all.

On *Mazza*, Vizio has set out the conflicts between the laws of California and the laws of Maine that require applying Maine rather than California law to Plaintiff's individual claims. Among numerous other differences, the Maine statute that Plaintiff invokes allows broader remedies than California's UCL, and allows narrower remedies than California's CLRA. Differences in available remedies will inevitably be material in a case. And Vizio has identified similar differences between California law and the law of the forty-nine other states whose legal regimes and careful policy choices would be displaced by allowing California law to govern the claims of a nationwide class in this case. Plaintiff's response is only that it is too early to say whether these differences will matter here, but case after case has held that *Mazza* calls for nationwide claims like these to be dismissed at the outset of litigation.

On the allegations of a misleading statement, the problem for Plaintiff is that he cannot win if the Court gives Vizio's marketing statements their ordinary, dictionary meanings. Vizio is alleged to have marketed its televisions as having a 120 Hz refresh rate, which means they run at 120 cycles per second. It is undisputed that they do operate at 120 cycles per second. However, Plaintiff tries to create a claim where none exists by asserting that "Hz" means "unique images" per second, so that "120 Hz" has an invented, idiosyncratic meaning that the words themselves do not bear -- and then claiming he was misled because the meaning he invented was false.

While Vizio explained all of this in its opening memorandum, Plaintiff's response is to dismiss it as "semantics." But words are what a deceptive marketing claim is about, so attention to semantics in this action is required. Plaintiff's opposition memorandum was his opportunity to defend his claim that 120 "cycles" per second could somehow be read to mean 120 "unique images" per second, and his failure to defend his basic contention about how he was misled is fatal to his case. That is underscored by the fact that Rule 9(b) concededly governs the pleading of this action, and Plaintiff can point to no allegations that show the particulars of how, when, and by what statements he was misled.

Finally, Plaintiff's various contract-based theories fail for a variety of reasons set forth in the opening memorandum, to which Plaintiff offers little response.

## NOTE REGARDING PLAINTIFF'S STATEMENT OF FACTS

The majority of the assertions stated as fact in Plaintiff's opposition are not in the Complaint and should be disregarded.

## ARGUMENT

### I.   *Mazza* compels dismissal of Counts I–III & V–IX.

#### A.   *Mazza* compels dismissal of Plaintiff's *individual* California claims, and, thus, his class claims founded in California law. (Counts I–III)

Plaintiff does not dispute that *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), will at some point determine the substantive law that governs his claims. Instead, he insists that a "*Mazza* analysis" would be "premature" (Opp. 12:27), and that he should be allowed to access Vizio's confidential files to "develop a factual record" concerning issues he leaves to the imagination (Opp. 12:13 (citation omitted)). Plaintiff is wrong. A straightforward application of *Mazza* compels the rejection of his claims. There is no reason to delay when the result will not change, in the meantime subjecting Vizio to discovery into its activities nationwide on claims that Plaintiff has no right to assert. *Mazza* requires granting Vizio's motion, for two reasons.

2

DEFENDANT VIZIO, INC.'S REPLY ISO MOTION TO DISMISS

Case No.: 8:14-cv-01865

First, Plaintiff's request that this Court consider *Mazza* only when it eventually decides whether to certify a class ignores the fact that his *individual* claims are not cognizable under California law. Whether or not *someone* could represent a class asserting California claims against Vizio, this Court must determine whether *Plaintiff* may assert those California claims for himself. *See* Compl. ¶ 36 ("Plaintiff brings this action on his own behalf . . . ."). A motion for class certification is not the vehicle for determining whether Plaintiff has stated a claim: this motion to dismiss determines the sufficiency of a plaintiff's allegations. Plaintiff acknowledges that "[a] complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Opp. 6:17–18 (citation omitted).[1] Thus, if Plaintiff cannot recover under California law based on the facts alleged, his California claims "must be dismissed" (*Arc of California v. Douglas*, 757 F.3d 975, 994 (9th Cir. 2014)) -- now.

There is no dispute that whether Plaintiff, a Maine resident, can individually recover under California law is to be decided under *Mazza*'s "three-step governmental interest test" (*Mazza*, 666 F.3d at 590). That test requires this Court (1) to determine whether the state laws at issue materially differ; (2) if yes, to determine whether different states have an interest in the application of their own law; and (3) if yes, to determine which state's interest would be most impaired if its substantive law were not applied. *See id.*

As to the first step, Vizio's opening brief explained several material differences between the law of the state in which Plaintiff bought his television (Maine) and the law of the state under which he seeks to recover (California). *See* Mot. 9:12–11:2. To demonstrate a "material" difference, Vizio need not litigate this case to verdict and then point toward divergent outcomes under Maine and California law. *Mazza*, 666 F.3d at 590. Instead, Vizio only needs to identify differences in the showing required for

---

[1] The standard that Plaintiff plucks (Opp. 6:12–14) from *Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) is no longer good law. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007).

3

DEFENDANT VIZIO, INC.'S REPLY ISO MOTION TO DISMISS
Case No.: 8:14-cv-01865

liability or in the available remedies. *See id.* Indeed, even Plaintiff acknowledges that a *Mazza* analysis is appropriate before liability or damages are determined, and there is no reason to wait until the class certification stage, as Plaintiff proposes.[2]

Plaintiff's one-paragraph response (*see* Opp. 10:22–11:5) contends only that Vizio has "not address[ed] how any purported difference will affect the outcome of *this* case," (Opp. 11:5). But as Vizio pointed out, choosing one state's law or the other will determine whether Plaintiff must prove that any alleged deceptive act was substantial (Mot. 9:17); whether he must prove that he could not have reasonably avoided any harm (Mot. 9:19); and whether he might be entitled to attorney's fees and punitive damages (Mot. 10:10–20). "[T]he court need not wait to decide whether material differences exist between the two states' laws," and should instead "conclude[] that they do," not only with "with respect to remedies" (*Frezza v. Google Inc.*, No. 5:12-CV-00237-RMW, 2013 WL 1736788, at *7 (N.D. Cal. Apr. 22, 2013)), but as to the elements Plaintiff must prove in order to recover.

Given that there are differences between the laws of Maine and California as they apply to Plaintiff's own claims, the next question is whether Maine has an interest in applying its laws to these alleged facts. The answer to that question is yes, and Plaintiff, a Maine citizen, does not contend otherwise. *See* Mot. 11:3–12:6; Opp. 10:21–11:13. Thus, only step three remains —whether any interest California has in having *its* law apply is greater than Maine's undisputed interest in applying its own law.

On that question, *Mazza* compels the conclusion that Maine's interest is paramount. *See* Mot. 11:3–12:6. While Plaintiff asserts that California's interest is greater (Opp. 11:8–9), he does not even try to distinguish *Mazza*, and that failure is fatal

---

[2] Likewise, the *Forcellati* case, on which Plaintiff heavily relies, acknowledges that a named plaintiff's claims may be considered on a motion to dismiss even if class claims may not. *See Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1161 (C.D. Cal. 2012). There, unlike here, the defendants' choice of law argument "[did] not even discuss the differences between the *** laws of [the state in which the plaintiff resided] and California." *Id.* at 1160.

1  to his position.  Here, as in *Mazza*, it is not enough that the defendant is headquartered
2  and incorporated in, and allegedly advertised its television from, California.  *See Mazza*,
3  666 F.3d at 590, 594.  Because Plaintiff did not purchase his TV in California, and did
4  not purchase it from a seller in California, California's interest in applying its
5  (materially different) law is less than Maine's.  *See id.* at 594.

6        Whether Plaintiff may "assert" claims under the laws of different states in the
7  alternative (*Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 923 (N.D. Cal. 2012)), has no
8  bearing on whether those claims can survive a motion to dismiss.  Here, as *Mazza*
9  recognized, Maine has a right to calibrate the law of commerce in its own territory,
10 while California's interest in regulating the foreign transaction in this case is
11 "attenuated."  *Mazza*, 666 F.3d at 594.  This Court's application of California law to
12 Plaintiff's Maine purchase would not only interfere with that sovereign authority, but
13 would violate the principles of federalism that the Constitution embodies by turning
14 California into a nationwide commercial regulator.  In *Mazza*, "the district court erred
15 by discounting or not recognizing each state's valid interest in shielding out-of-state
16 businesses from what the state may consider to be excessive litigation."  *Mazza*, 666
17 F.3d at 592.  Plaintiff does not bother to address *Mazza*'s federalism holding.  But
18 ignoring *Mazza*'s constitutional impetus does not make it go away, and *Mazza* instead
19 demands that the Court dismiss Plaintiff's California claim in order to protect the right
20 of "the legislatures and courts of" Maine to "attract[] foreign businesses" and "increase
21 . . . commerce and jobs" in Maine by striking, for Maine and it citizens, the "optimal
22 balance" between protecting consumers and protecting business.  *Id.*

23       In sum, Plaintiff asserts California claims on behalf of himself and a nationwide
24 class.  Because California's interest in his out-of-state purchase is inadequate to justify a
25 choice of California law, his individual California claims (Counts I-III) should be
26 dismissed with prejudice.  Likewise, because Plaintiff lacks a cognizable California
27 claim, he "cannot represent" a class asserting California claims.  *Sanford v.*

28

5

*MemberWorks, Inc.*, 625 F.3d 550, 560 (9th Cir. 2010); *see also* Fed. R. Civ. P. 23(a)(4) (requiring "representative parties"). If his individual California claims are dismissed, the accompanying class claims must be dismissed, too. *See, e.g.*, *Granfield v. NVIDIA Corp.*, No. C 11-05403, 2012 WL 2847575, at *3 (N.D. Cal. July 11, 2012) (holding, on motion to dismiss, that where *Mazza* precluded Massachusetts plaintiff from asserting California claims, the plaintiff could not represent any class seeking to recover under the "laws of any state other than Massachusetts").

      **B.**    **Whether or not Plaintiff may pursue his individual claims, *Mazza* compels dismissal of his nationwide class claims. (Counts I–III & V–IX)**

In its opening memorandum, Vizio explained the numerous material differences between the relevant laws of the several states. *See* Mot. 13:2–15:22. Under *Mazza*, those differences mean that no nationwide class concerning Vizio's refresh-rate claims could be certified. Plaintiff's response is that "conducting the choice-of-law analysis at the pleadings stage is premature." Opp. 12:2–3. That is wrong.

Plaintiff's brief ignores—indeed, does not even cite—the Supreme Court's decision in *General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982). *See* Mot. 16:3–9 (discussing case). There, the Court explained that district courts should not adopt "across-the-board rule[s]" in place of "careful[]" "evaluat[ion]" "of the named plaintiff's plea that he is a proper class representative," stressing that issues may be "plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Falcon*, 457 U.S. at 160.

Given this principle, on a proper motion a court must at least *try* to determine whether certification is improper at the pleadings stage. Of course, a court might decline to dismiss if, as happened in the cases Plaintiff cites, the defendant "provides no support for its position that foreign law conflicts with California law" (*Werdebaugh v. Blue Diamond Growers*, No. 12-cv-2724-LHK, 2013 WL 5487236, at *16 (N.D. Cal.

6

DEFENDANT VIZIO, INC.'S REPLY ISO MOTION TO DISMISS
Case No.: 8:14-cv-01865

Oct. 2, 2013)); or fails to "explain[] why foreign laws should apply" (*In re Clorox Consumer Litigation*, 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012)); or where it determines that "on *either* party's theory of liability, the difference in state law . . . would not be a material difference" (*In re Google Inc.*, No. 13-md-2430-LHK, 2013 WL 5423918, at *19 (N.D. Cal. Sept. 26, 2013) (emphasis added)). But to acknowledge that a *Mazza* motion to dismiss will be denied if the defendant fails to show a material difference is only to acknowledge that a conflict-of-laws analysis begins by asking whether a conflict exists.

Instead, as several courts have recognized, whether *Mazza* precludes a claim should be determined at the pleading stage if the conflict is apparent at that stage. *See, e.g.*, *Frenzel v. AliphCom*, No. 14-CV-03587, 2014 WL 7387150 (N.D. Cal. Dec. 29, 2014); *Jonczyk v. First Nat. Capital Corp.*, No. SACV 13-959, 2014 WL 1689281 (C.D. Cal. Jan. 22, 2014); *Pardini v. Unilever United States, Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013); *Frezza v. Google Inc.*, No. 5:12-CV-00237, 2013 WL 1736788, at *6 (N.D. Cal. Apr. 22, 2013); *Route v. Mead Johnson Nutrition Co.*, No. CV 12-7350, 2013 WL 658251 (C.D. Cal. Feb. 21, 2013); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 965 (S.D. Cal. 2012); *Littlehale v. Hain Celestial Grp., Inc.*, No. C 11-6342, 2012 WL 5458400 (N.D. Cal. July 2, 2012); *Banks v. Nissan N. Am., Inc.*, No. C 11-2022, 2012 WL 8969415 (N.D. Cal. Mar. 20, 2012); *Rikos v. Procter & Gamble Co.*, No. 1:11-CV-226, 2012 WL 641946, at *3–7 (S.D. Ohio Feb. 28, 2012); *Horvath v. LG Electronics Mobilecomm U.S.A., Inc.*, No. 3:11-CV-01576, 2012 WL 2861160 (S.D. Cal. Feb. 13, 2012).

That is particularly true in the class-claim context, where factual development is unlikely to erase the legal conflicts that make proceeding as a class action inappropriate. As Judge Sutton explained for the Sixth Circuit under similar circumstances, "we cannot see how discovery or for that matter more time would have helped [the plaintiffs]." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011). The plaintiffs

had never "explain[ed] what type of discovery or what type of factual development would alter the central defect in this class claim," and so were left to grapple with the "key reality" that "[t]heir claims are governed by different States' laws"—which, he emphasized, is "a largely legal determination." *Id.*  "No proffered or potential factual development" could offer "any hope of altering th[e] conclusion" that multiple state laws would govern the case, and that multiplicity of applicable legal regimes would "generally … preclude class certification," so the court held that dismissal of plaintiffs' claims was warranted. *Id.*  That is the situation here:  Plaintiff does not and cannot point to factual development that could somehow make it irrelevant whether he will have to prove that his alleged deception qualifies as "substantial" under Maine law, whether he could have easily avoided the alleged harm, or whether he may be entitled to punitive damages or attorney's fees.

Thus, in *Frenzel v. AliphCom*, the United States District Court for the Northern District of California applied *Mazza* to dismiss a litigant's claims, "both individual and class." 2014 WL 7387150, at *5.  The court recognized that, under *Mazza*, "each class member's consumer protection claim[s] should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Id.* at *6 (citation omitted). In doing so, the court turned away a "request[] that choice of law analysis be delayed until class certification" (*id.*), because *Mazza* was instructive "even at the pleading phase" (*id.*, at *6),  and because "further development of the factual record [was] not reasonably likely to materially impact the choice of law determination" (*id.*).  The court also stressed that in that case, "unlike" in others in which the choice-of-law analysis was deferred, "even the named plaintiff [was] a nonresident who did not purchase the defendant's product in California." *Id.* at *5. *Compare, e.g.*, *Clancy v. The Bromley Tea Co.*, No. 12-CV-03003-JST, 2013 WL 4081632, at *7 (N.D. Cal. Aug. 9, 2013) (deferring *Mazza* analysis where "[p]laintiff [wa]s a California citizen seeking to recover under California's consumer protection laws").

Similarly, in *Rikos v. Procter & Gamble Co.*, a federal court in Ohio granted a motion to strike class allegations in an action transferred from the Southern District of California. 2012 WL 641946, at *1.[3] Applying *Mazza*, the court rebuffed the plaintiff's argument "that Defendant cannot satisfy its burden to show that the variations in state law are material prior to discovery because such determinations are fact-bound." *Id.* at *6. "No discovery," it explained, "will change the simple fact that different states have different elements for claims for breach of express warranty, and the Court finds that these variations are material." *Id.* Instead, because "each class member's express warranty claim should be governed by the laws of the jurisdiction in which the transaction took place" (*id.*), "individual questions predominate[d]" in the claim at issue, "and a nationwide class [could] not be certified" (*id.* at *7).

Here, the problem with Plaintiff's nationwide class-claims is apparent on the face of the pleadings. Because consumers across the nation purchase televisions in different states with materially different laws, Plaintiff's nationwide class claims cannot be certified—now or later. The reason Plaintiff does not identify *any* particular facts requiring development is because no additional facts can save his class claims. Thus, even if Plaintiff could assert an individual claim under California law (which he cannot), his nationwide class claims (Counts I-III and V-IX) would still fail. Whether Plaintiff may pursue a claim on behalf of Maine citizens (Count IV) is a separate issue addressed below.

**II.    Plaintiff has failed to allege a false statement at all, and has failed to satisfy Rule 9(b).**

**A.    Plaintiff has not adequately alleged a false statement on which he relied.**

Plaintiff does not dispute that if he failed to plead fraud with particularity, Counts I–IV and VI of the Complaint must be dismissed. *See* Opp. 13:8–14:14. He claims

---

[3] While Vizio moved to dismiss rather than to strike, and dismissal remains appropriate, this Court can strike Plaintiff's class allegations "on its own." *See* FED. R. CIV. P. 12(f).

instead that he has adequately pleaded fraud, and that certain of his causes of action should survive regardless. Both of Plaintiff's arguments are wrong.

Plaintiff does not allege that Vizio ever made any express claim concerning the number of unique images rendered by its televisions. *See* Mot. 18:21–20:17; *see also* Opp. 13:1–16:4. Instead, the *entire* basis for *all* of his claims requiring a false statement is his conclusory assertion that Vizio was "incorrect" (Compl. ¶ 28) to use the phrase "refresh rate" to refer to "cycles per second" rather than to "unique images." Plaintiff's opposition memorandum, however, does not even try to defend his allegation that Vizio's marketing falsely implied a claim about the number of unique image a television would display. He does not address, for example, the fact that Vizio nowhere claimed that the television at issue used the undisputedly nausea-inducing "motion interpolation" technology that Plaintiff says it should have, instead of the "backlight scanning" technology that the television is alleged to use. He does not dispute that Vizio never made any claim about the number of "unique images" its television would display per second, nor that "Hertz" means cycles per second and says nothing about "unique images." He does not address his own allegation that, while he purportedly read into Vizio's 120 Hz refresh rate an assertion about the number of unique images that would be displayed, literally no television content exists that consists of more than 60 images per second. In all, Vizio's opening memorandum refuted Plaintiff's claim that Vizio's marketing was false or misleading. Plaintiff's failure in turn to take the critical opportunity in his opposition memorandum to defend his claims of falsity has forfeited his right to do so, is fatal to his complaint, and warrants its dismissal with prejudice.

Plaintiff derides Vizio's defamation analogy as "intended to obfuscate the issues" and "inapposite to the facts of this case." Opp. 15:24–25. But no one disputes that, if this were a defamation action, Plaintiff would be required to plead extrinsic circumstances suggesting that consumers understood "refresh rate" to mean "unique images." Plaintiff does not explain why Vizio's analogy is "inapposite", and it is not.

It makes good sense to hold that a person suing over a false statement cannot simply define words as he pleases, whether he alleges that the falsehood is defamatory or whether he claims it is misleading. Suppose, for example, that Plaintiff said, "Vizio advertised that it was selling a television, but that is incorrect, because a television is a device that permits its owner to teleport through time and space." If this Court would reject that conclusory allegation, then it must at least probe the merits of Plaintiff's "phrase X means Y, so Vizio is a liar" allegations. Plaintiff's allegations cannot withstand that probe, because Plaintiff gives the Court no basis to conclude that by advertising a 120 cycle-per-second refresh rate, a television retailer is secretly promising to use "motion interpolation" technology.

At minimum, pleading extrinsic circumstances is necessary to support *class* allegations. Because Plaintiff does not dispute that he has no personal knowledge of what other putative class members believed (*see* Mot. 20 n.6), he can only demonstrate the reliance required by Count IV if he alleges facts from which such reliance could "plausibl[y]" be inferred. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (requiring that "claims of fraud or mistake *** plead plausible allegations").

Notably, Plaintiff does not contend that he has pleaded the circumstances required in the defamation context. *See* Opp. 15:16–16:4. Thus, so long as Plaintiff is required to have pleaded those circumstances, all counts requiring allegations of a false statement should be dismissed.

### B.     Plaintiff has failed to comply with Rule 9(b).

Separately, and whether or not Plaintiff has alleged that "120 Hz" is a misleading thing to say, or whether the "extrinsic circumstances" requirement applies here, all agree that Plaintiff was required to identify "'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted); *see* Opp. 15:14–15. But Plaintiff's Complaint leaves

unanswered the question to which Rule 9(b) requires an answer: what particular false advertising did he see and when did he see it?

The general allegations of falsity that Plaintiff highlights in his memorandum (s*ee* Opp. 14:22–16:4) do not suffice, for all the reasons that this Court articulated in *Gianino v. Alacer Corp.,* 846 F. Supp. 2d 1096, 1103 (C.D. Cal. 2012). And while Plaintiff points to his allegation that Vizio promoted the television Plaintiff bought as having a "super-fast 120Hz refresh rate" (Compl. ¶ 28), that allegation does nothing to satisfy Plaintiff's Rule 9(b) obligation. For while Plaintiff's *memorandum* says that he "alleges reliance" on that specific statement (Opp. 15:6–9), that is simply not true: his *complaint* pointedly does not allege that Plaintiff himself ever saw or relied on that statement. Indeed, Plaintiff's allegation in Paragraph 28 of the complaint that "Defendant states that the television has 'A super-fast 120Hz refresh rate" does not allege *when* or *where* or *how* Vizio has so "state[d]." Compl. ¶ 28. The paragraph does not even allege that Vizio made that "super-fast" claim before Plaintiff completed his purchase. So that Paragraph 28 allegation does advance Plaintiff's Rule 9(b) argument.

Rather than relying on particular allegations of fraud, Plaintiff instead insists that Rule 9(b) only requires "notice of the alleged conduct giving rise to his claims." Opp. 15:17–18 (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)). Yet the very case on which he relies for that proposition distinguishes the "minimal notice pleading" required by Rule 8 from Rule 9's requirement of "notice of the *particular misconduct*" at issue. *Swartz*, 476 F.3d at 764 (emphasis added, citations omitted). Further, "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct of which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs,' and to protect defendants from the costs of litigation. *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (citation omitted). These concerns matter. Plaintiff's argument is that when Vizio said "refresh rate," it really meant "unique images." Vizio is entitled to know whether Plaintiff relied on some

12

particular statement that Vizio made, and if he did, on what the statement was and in what context it was made, before Plaintiff uses that statement to open the doors of discovery. *See Cafasso*, 637 F.3d at 1057 (requiring "particular circumstances of a[] discrete fraudulent statement").

### C. Rule 9(b) applies to Counts V, VII, and VIII.

Because Plaintiff failed to describe the circumstances surrounding Vizio's alleged fraud, his Complaint fails to provide the particularity that Rule 9(b) requires. As noted, there is no dispute that a failure to comply with Rule 9(b) requires dismissal of Counts I–IV and VI. Though Plaintiff contends otherwise, that is no less true with respect to Counts V, VII, and VIII.[4]

The core problem with Plaintiff's position is that when a claim is "'grounded in fraud" or "'sound[s] in fraud," it "must satisfy the particularity requirement of Rule 9(b)" *even if* "fraud is not a necessary element of [that] claim." *Vess*, 317 F.3d at 1103–04. Accordingly, Plaintiff's focus on the *elements* of his negligent misrepresentation (Count VI), good faith and fair dealing (Count V), and common count/assumpsit (Count VIII) claims misses the point. *See* Opp. 13:8–14:21. For each of those counts, it is enough to require Rule 9(b) treatment that he has "allege[d] a unified course of fraudulent conduct" and "rel[ied] entirely on that course of conduct" to support his claims. *Vess*, 317 F.3d at 1106; *cf. In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1405 n.2 (9th Cir. 1996) ("Anderson argues that it specifically disclaimed any allegations of fraud with respect to its Section 11 claims. These nominal efforts are unconvincing where the gravamen of the complaint is plainly fraud and no effort is made to show any other basis for the claims levied at the Prospectus."). By contrast, in the case on which

---

[4] This section discusses whether Rule 9(b)'s *particularity* requirement applies to Counts V, VII, and VIII. There can be no dispute that if Plaintiff has failed to plead a false or misleading statement, *see supra* Part II.A.1, these Counts must be dismissed whether or not Rule 9(b) applies, as each requires a false or misleading statement. *See* Compl. ¶ 86 (Count V: "misleading assertions"), ¶ 120 (Count VII: "misrepresentations"), ¶ 107 (Count VIII: relying on earlier allegations to contend that it is inequitable for Vizio to retain funds).

Plaintiff relies most heavily, "there [we]re no claims for fraud." *Sater v. Chrysler Group LLC*, 2015 U.S. Dist. LEXIS 21022, 31 (C.D. Cal. Feb. 20, 2015). This, however, is a case about fraud (*vel non*), and Plaintiff cannot escape the relevant pleading standard by noting that certain counts do not contain fraud as an element.

In sum, Plaintiff has not plausibly alleged a false or misleading statement, let alone alleged fraud with particularity. Thus, even putting *Mazza* to the side, Counts I-VIII must be dismissed—as to Plaintiff individually and, thus, as to the putative class as a whole.

### III. Plaintiff's contract-based claims must be dismissed. (Counts V, VIII, & IX)

Plaintiff does not dispute that he has no cause of action on the common counts under Maine law. That alone requires dismissal of Count VIII, because Maine law governs for the reasons discussed above and in the opening memorandum. His alternative contention that he might have a cause of action for unjust enrichment and restitution has no place in this briefing, because his complaint does not assert unjust enrichment and restitution as a cause of action. And his suggestion that, if California law applies, he has successfully alleged nonpayment on a contract is false, since he has alleged no contract between Vizio and himself to begin with, and does not allege that Vizio failed to pay him according to the terms of any contract. In all, his claim on the common counts fails.

As for the implied covenant claim, again Plaintiff accepts that Maine recognizes no such cause of action, and rests solely on California law. But even if California law governed here—which it does not—Plaintiff does not allege the formation of a contract between Vizio and himself. He relies on his warranty claim, but cites no precedent that suggests that even the existence of an enforceable statutory warranty could give rise to any other claim that rests on the common law of contract.

Finally, Plaintiff's express warranty claim fails because Plaintiff has not alleged a false statement. It further fails because Maine law requires reliance for the creation of

an express warranty—and so requires alleging reasonable reliance on a specific false representation. The Supreme Judicial Court of Maine has explained that the UCC's express warranty language is intended to "continue the uniform sales act requirement that the purchaser must show reliance on the affirmation in order to make out a cause of action for a breach of warranty." *Maine Farmers Exch. v. McGillicuddy*, 697 A.2d 1266, 1268 (Me. 1997). Plaintiff asks this Court to disregard *Maine Farmers Exchange*, but the most that even he is willing to say against this high-court articulation of the law is his suggestion that it "in essence amounts to dicta" (Opp. 20:5). Plaintiff points to no contrary precedent suggesting that *Maine Farmers Exchange* does not state the law. And as explained, Plaintiff does not dispute that he must do more than just say "I relied;" he must allege that his reliance on a particular statement was reasonable, and he does not contend that he has done so.

## CONCLUSION

For the foregoing reasons and those set forth in Vizio's opening memorandum, Plaintiff's complaint should be dismissed.

Respectfully submitted,

Dated: April 6, 2015

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By  */s/ Christopher M. Egleson*
Christopher M. Egleson

Attorneys for Defendant

15

DEFENDANT VIZIO, INC.'S REPLY ISO MOTION TO DISMISS

Case No.: 8:14-cv-01865

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 580 California Street, Suite 1500, San Francisco, CA 94104. On April 6, 2015, I served the foregoing document(s) described as: **DEFENDANT VIZIO, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6))**, on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on April 6, 2015 at San Francisco, California.

_____
Suzanne G. Martinson