# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ROGER LARSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIZIO, INC.,<br><br>Defendant. | Case No.: SACV 14-01865-CJC(JCGx)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** |

## I. INTRODUCTION & BACKGROUND

Plaintiff Roger Larsen ("Plaintiff"), on behalf of himself and all others similarly situated, brings this consumer protection class action against Defendant Vizio, Inc. ("Vizio"). (Dkt. No. 1 ["Compl."].) Vizio is a California company and a seller of consumer electronics and liquid-crystal display ("LCD") televisions. (Compl. ¶¶ 2, 16.)

In October 2014, Plaintiff, who resides in Maine, bought a 50-inch Vizio E500i-BA television (the "Television") on Amazon.com. (Compl. ¶¶ 11, 12.) Plaintiff alleges that prior to his purchase, he reviewed advertisements and technical specifications "created and disseminated" by Vizio for the Television that stated the Television had a refresh rate of 120Hz. (Compl. ¶ 13.) According to the Complaint, Plaintiff relied upon Vizio's advertising, but was misled as the Television actually had a refresh rate of 60Hz, not 120Hz. (Compl. ¶ 14.) Plaintiff alleges that but for Vizio's misrepresentations, he would not have purchased the Television at the price he did and now has suffered an ascertainable loss. (Compl. ¶ 15.) Based on these allegations, Plaintiff brings nine causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code § 17500 *et seq.*; (3) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (4) violation of the Maine Unfair Trade Practices Act ("UTPA"), Me. Rev. Stat. Ann. Tit. 5, § 205 *et seq.*; (5) breach of the covenant of good faith and fair dealing; (6) common law fraud; (7) negligent misrepresentation; (8) common counts; and (9) breach of express warranty. (*See* Compl.) All but the fourth of Plaintiff's claims are nationwide class claims. (*See* Compl.) Before the Court is Vizio's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dt. No. 12 ["Def.'s Mot."].) For the following reasons, Vizio's motion is GRANTED IN PART.

**II. ANALYSIS**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. In considering whether to dismiss a case for failure to state a claim, the issue before the court is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When

evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the district court should grant the plaintiff leave to amend if the claim can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), the district court need not grant leave to amend if amendment would be futile, *see Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained the same defects as the prior complaint).

### A. Nationwide Class Claims

Vizio argues that all of Plaintiff's nationwide class claims should be dismissed under *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012). When a federal court is sitting in diversity, it "must look to the forum state's choice of law rules to determine the controlling substantive law." *Mazza*, 666 F.3d at 594. California law may only be used on a class-wide basis if "the interests of other states are not found to outweigh California's interest in having its law applied." *Wash. Mut. Bank v. Superior Court*, 24 Cal. 4th 906, 921 (2001). To determine whether those interests outweigh California's interest, a court must apply a three-step government interest test in which (1) "the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different"; (2) "if there is a difference, the court examines each jurisdiction's interest in the

application of its own law under the circumstances of the particular case to determine whether a true conflict exists"; and (3) "if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state, and then ultimately applies the law of the state whose interest would be more impaired if its law were not applied." *Mazza*, 666 F.3d at 590 (internal citation omitted).

While *Mazza* was decided at the class certification stage, "the principle articulated in *Mazza* applies generally and is instructive even when addressing a motion to dismiss." *Frezza v. Google Inc.*, No. 12-cv-00237-RMW, 2013 WL 1736788, at *6 (N.D. Cal. Apr. 22, 2013); *see also Frenzel v. AliphCom,* --- F. Supp. 3d --- , No. 14-cv-03587-WHO, 2014 WL 7387150, at *5 (N.D. Cal. Dec. 29, 2014). Applying California's choice-of-law principles to the facts of this case, the Court finds that Plaintiff's UCL, FAL, CLRA claims, along with his negligent misrepresentation and common law fraud claims, cannot be brought on behalf of a nationwide class.

### 1. Conflict of Laws

Vizio argues that California's consumer protection statutes and misrepresentation laws materially differ from the consumer protection and misrepresentation laws in other states. A conflict of law problem arises only if the differences in state law are material. *Mazza*, 666 F.3d at 590–91. First, courts in this circuit have held that California's consumer protection statutes are materially different from those in other states for the purposes of nationwide class actions.[1] *See, e.g.*, *Mazza,* 666 F.3d at 591; *Frenzel*, 2014

---

[1] Rather than challenging Vizio's arguments substantively, Plaintiff merely states that further discovery is necessary to conclude whether there are material differences in this case and that deciding this issue on a motion to dismiss is premature. (Dkt. No. 13, Pl.'s Opp'n to Def.'s Mot. ["Pl.'s Opp'n"].) Contrary to Plaintiff's contentions, many courts have decided against deferring the choice of law

WL 7387150, at *4; *Frezza*, 2013 WL 1736788, at *6; *Gianino v. Alacer Corp.,* 846 F. Supp. 2d 1096 (C.D. Cal. 2012); *Waller v. Hewlett-Packard Co.*, No. 11cv0454–LAB, 2012 WL 1987397, at *1 (S.D. Cal. June 4, 2012); *In re Hitachi Tele. Optical Block Cases*, No. 08cv1746, 2011 WL 9403, at *6 (S.D. Cal. Jan. 3, 2011) ("[T]here are material conflicts between California's consumer protection laws and the consumer protection laws of the other forty-nine states."). For example, some states require some degree of scienter for a consumer protection claim, while others require knowledge or reckless disregard. *Gianino*, 846 F. Supp. 2d at 1100–01. Some states include a reliance requirement in their consumer protection laws, while others do not. *Id.* Furthermore, the statutes of limitations for consumer protection laws vary among the states from one to ten years. *Id.* In addition, there are material variations in the remedies available under states' consumer protection laws. *Id.* (identifying differences with regard to the available remedies in various states). In view of such differences, the Ninth Circuit has explained that, under California's choice of law rules, "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Mazza*, 666 F.3d at 594.

Second, there are also material variations among the states' negligent and intentional misrepresentation claims. *Gianino*, 846 F. Supp. 2d at 1101–02. For example, statutes of limitations for misrepresentations claims vary from one to six years. *Id.* States apply different methods of calculating damages—some states use a "benefit of the bargain" method based on a plaintiff's expectation damages and others use an "out of pocket" method, which allows a plaintiff to recover only reliance damages. *Id.* For intentional misrepresentation, or fraud claims, some states require scienter while others do not. *Id.* There are also significant differences among the states regarding the standard

---

decision until discovery or class certification where, as here, the material differences are sufficiently obvious from the pleadings. *See, e.g.*, *Frenzel*, 2014 WL 7387150, at *5.

of proof—some states require a plaintiff to prove a fraud claim by "clear and convincing evidence" and others only require a "preponderance of the evidence." *Id.*

These differences in law among states, as they pertain to consumer protection laws and misrepresentation claims, are not trivial because they involve essential requirements to establish a claim, types of relief and remedies available to a plaintiff, and other dispositive issues. Because the conflicts in the laws of the states are material, the Court moves to the test's second step.

### 2. Interest of Foreign Jurisdictions

The second step of the *Mazza* also favors dismissal of Plaintiff's nationwide consumer protection and misrepresentation claims. "[E]very state has an interest in having its law applied to its resident claimants." *Mazza*, 666 F.3d at 591–92 (internal citation omitted). In fact, California law recognizes that "a jurisdiction ordinarily has 'the predominant interest' in regulating conduct that occurs within its borders." *Id.* (internal citation omitted). It is the principle of federalism that permits each state to carefully balance its duty to protect its consumers from injuries caused by out-of-state-business with its duty to shield those businesses from what the state may consider excessive regulation or litigation. *Id.* ("Each state has an interest in setting the appropriate level of liability for companies conducting business within its territory."). This case clearly implicates each state's interest, as the consumer protection and fraud law of every state is important. Plaintiff's nationwide class presumably consists of members from 50 states. These states obviously have an interest in having their own laws applied to the consumer transactions that took place within their borders.

//

//

### 3. Which State Interest Is Most Impaired

The final step of California's governmental interest test is designed to accommodate conflicting state policies. *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 97 (2010). This step is not intended to weigh the conflicting state interests to determine which conflicting state law manifests the "better" or "worthier" social policy. *Mazza*, 666 F.3d at 593. But the Court must recognize the importance of federalism and every state's right to protect its consumers and promote those businesses within its borders. *Id.* California has a significant interest here in applying its laws to the consumers' transactions that took place within its borders. In addition, California has an interest in regulating Vizio as Vizio's headquarters are in California. However, California's interest in applying its law to residents of other states who purchased televisions at issue in this suit – such as Plaintiff himself who resides and bought the Television in Maine—is much more attenuated. Indeed, California does recognize that "with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominate interest." *See Edgar v. MITE Corp.*, 457 U.S. 624, 644 (1982). California considers the geographic location of the omission or where the misrepresentations were communicated to the consumer as the place of the wrong. *See McCann*, 48 Cal. 4th at 94 n.12. Here, even the place of the wrong to Plaintiff, the class representative, was in a state outside of California. *See Mazza*, 666 F.3d at 593–94 ("[T]he last events necessary for liability as to the foreign class members—communication of the advertisements to the claimants and their reliance thereon in purchasing vehicles—took place in the various foreign states, not California."). Maine and other states have a compelling interest in protecting their consumers from in-state injuries caused by a California corporation doing business within their borders and in delineating the scope of recovery for the consumers under their own laws. Therefore, the Court concludes that every state would be impaired in its ability to protect the consumers within its borders if California law were applied to all claims of the nationwide class. Under the government interest test, each putative class member's

claims here must be governed by and decided under the law of the state in which the transaction took place.  The Court therefore DISMISSES WITH PREJUDICE Plaintiff's UCL, FAL, CLRA, negligent misrepresentation, and common law fraud nationwide class claims.[2]

### B. Contract-Based Claims

Plaintiff's common counts, breach of good faith and fair dealing, and breach of express warranty claims are DISMISSED WITH LEAVE TO AMEND.  Plaintiff brings claims for common counts and breach of good faith and fair dealing, which are predicated on the existence of a valid contract.  As the Complaint is currently pled, however, the Court cannot ascertain whether Plaintiff is alleging it has a contract with Vizio and if so, what type.  Furthermore, the Court cannot determine precisely what Plaintiff alleges was the express warranty Vizio breached.[3]

//

---

[2] Plaintiff's individual claims under the UCL, FAL, and CLRA are also DISMISSED WITH PREJUDICE.  Maine, where Plaintiff resides and purchased the Television, and California's consumer protection states differ materially with regard to the type of conduct they regulate and the remedies they provide.  For example, in Maine, an unfair or deceptive act must be substantial, while California's consumer protection statutes are not so limited.  Maine's consumer protection statute also provides a different set of remedies, such as actual damages, restitution, injunctive and other equitable relief, while California's authorize injunctive relief and restitution, in addition to punitive damages, which are not available in Maine.  These differences are material and for similar reasons stated above, this case implicates Maine's interest, which would be impaired if California law were to be applied.

[3] Plaintiff's UTPA claim, and negligent misrepresentation and common law fraud claims – which now only remain as individual claims—are pled with sufficient particularity to survive a motion to dismiss.  With regard to the misrepresentation claims, Plaintiff has identified the misrepresentation—the purported difference in the advertised refresh rate and the actual refresh rate.  The Complaint provides who made the representations and when and where they were made to the Plaintiff.  Similarly, Plaintiff's UTPA claim survives because Plaintiff alleges that there were false and deceptive statements made in Vizio's advertisements and that Plaintiff relied on these statements and was injured as a result.  Accordingly, Vizio's motion to dismiss these claims is DENIED.

**III. CONCLUSION**

Accordingly, Vizio's motion to dismiss the Complaint is GRANTED IN PART. Plaintiff's UCL, FAL, and CLRA claims are DISMISSED WITH PREJUDICE. Plaintiff's negligent misrepresentation and common law fraud nationwide class claims are also DISMISSED WITH PREJUDICE. Plaintiff's common counts, breach of good faith and fair dealing, and breach of express warranty claims are DISMISSED WITH LEAVE TO AMEND. Plaintiff shall have fourteen (14) days to file an amended complaint consistent with this Order.

DATED:   April 21, 2015

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE