John H. Gomez (SBN 171485)
John P. Fiske (SBN 249256)
Deborah S. Dixon (SBN 248965)
**GOMEZ TRIAL ATTORNEYS**
655 West Broadway Suite1700
San Diego, CA 92101
Telephone: (619) 237-3490
Fax: (619) 237-3496
Attorneys for Plaintiff

[Additional Counsel Appear On Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ROGER LARSEN, individually and on behalf of all others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>VIZIO, INC.,<br><br>DEFENDANT. | Case No.:   8:14-cv-01865-CJC-JCG<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR CLARIFICATION OF COURT'S APRIL 21, 2015 ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Courtroom:   9B<br>Judge:   Cormac J. Carney<br>Magistrate Judge:  Jay C. Gandhi<br><br>**<u>CLASS ACTION</u>**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

///

///

///

///

Plaintiff Roger Larson ("Plaintiff") hereby requests, without opposition[1] from Defendant Vizio, Inc. ("Defendant"), for clarification of this Court's Order granting in part Defendant's motion to dismiss ("the Order") (Dkt. No. 20). As background for thisMotion, Plaintiff states as follows:

1. Plaintiff filed his complaint on November 24, 2014, alleging nine causes of action against Defendant: (1) violation of the California Unfair Competition Law, California Business & Professions Code § 17200, *et seq.* ("UCL"); (2) violation of the False Advertising Law, California Business & Professions Code § 17500, *et seq.* ("FAL"); (3) violation of the Consumers Legal Remedies Act, California Civil Code section 1750, *et seq.* ("CLRA"); (4) violation of the Maine Unfair Trade Practices Act, ME. REV. STAT. ANN. tit. 5, § 205, *et seq.* ("the UTPA"); (5) breach of covenant of good faith and fair dealing; (6) common law fraud; (7) negligent misrepresentation; (8) common counts/assumpsit; and (9) breach of express warranty. (Dkt. No. 1.) The complaint was brought on behalf of two, overlapping classes of purchases of Defendant's LCD televisions: a nationwide class and a Maine class. All counts were brought on behalf the nationwide class, except Count 4, which was brought on behalf of the Maine class only, and Count 9, which was brought on behalf of both classes.

2. On February 6, 2015, Defendant moved to dismiss the complaint. (Dkt. No. 12.) Among other things, Defendant argued that Plaintiff, as a Maine citizen, lacked standing to bring claims under California law, and that Plaintiff was barred under Ninth Circuit jurisprudence from bringing claims on behalf of a nationwide class.

---

[1] Pursuant to L.R. 7-3, Plaintiff's Counsel, William Anderson, met and conferred with Defendant's Counsel, Hyongsoon Kim, regarding the instant motion by phone on April 24, 2015, and by follow-up communication on April 27, 2015. Defendant's counsel stated in writing that Defendant does not oppose the instant request for clarification regarding the disposition of the Maine sub-class, but reserves all rights, including the right to oppose certification of any class.

3. On April 21, 2015, this Court issued an Order, granting in part and denying in part Defendant's motion to dismiss. (Dkt. No. 20). In particular, this Court: dismissed the common dismissed the negligent misrepresentation and common law fraud claims to the extent they were brought on behalf of a nationwide class; dismissed with prejudice claims brought under California's consumer protection statutes; and dismissed with leave to amend the common counts, breach of good faith and fair dealing, and breach of express warranty claims. Order at 8, n.2. However, this Court denied Defendant's motion to dismiss as to the UPTA, negligent misrepresentation, and common law fraud claims. Order at 8 n.3. The Order also required Plaintiff to file an amended complaint within two weeks.

4. In denying Defendant's motion to dismiss as to the UPTA, negligent misrepresentation, and common law fraud claims, this Court concluded, in part, as follows: "Plaintiff's UTPA claim, and negligent misrepresentation and common law fraud claims – *which now only remain as individual claims*—are pled with sufficient particularity to survive a motion to dismiss." Order at 8 n.3 (emphasis added). Plaintiff seeks clarification on this statement by the Court.

5. Read one way, this Court's statement that Plaintiff's claims brought under Maine law "now only remain as individual claims" might suggest that this Court has stricken not only Plaintiff's nationwide class, but also the Maine class. However, Defendant did not argue in its moving papers that Plaintiff could not represent a putative class of Maine consumers.[2] Nor does the Order suggest—outside this one statement—that Plaintiff cannot proceed on behalf of the Maine class.

---

[2] Defendant did argue in its papers that Plaintiff could not state a claim under Maine law, but nothing in Defendant's papers suggested that, were Plaintiff to state claims under Maine law (as Plaintiff does, according to the Order), Plaintiff's Maine class should be stricken from the complaint. As noted above, this is not to say, of course, that Defendant will not oppose certification of a Maine only class at the appropriate juncture.

1    6.   Accordingly, Plaintiff seeks clarification on the above-quoted statement as it is instructive for the forthcoming amended complaint, and for Plaintiff to ensure that he may move to certify a class of Maine consumers at a future date.

Dated: April 28, 2015              Respectfully submitted,


By: __/s/ Deborah S. Dixon__
_____
John H. Gomez, Esq.
John P. Fiske, Esq.
Deborah S. Dixon, Esq.
**GOMEZ TRIAL ATTORNEYS**
655 West Broadway Suite1700
San Diego, CA 92101
Telephone: (619) 237-3490
Fax: (619) 237-3496

CUNEO GILBERT & LADUCA, LLP
William Anderson (*Pro Hac Vice Pending*)
507 C Street, NE
Washington, DC 20002
Tel: (202) 789-3960
Fax: (202) 789-1813
wanderson@cuneolaw.com

Matthew Schelkopf (To Apply *Pro Hac Vice*)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500
Fax: (610) 649-3633
mds@chimicles.com

*Attorneys for Plaintiffs*

OPP'N TO MOTION TO DISMISS                CASE NO. 8:14-CV-01865-CJC (JCG)