**AKIN GUMP STRAUSS HAUER & FELD LLP**
REGINALD D. STEER (SBN 56324)
NICHOLAS GREGORY (SBN 275582)
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone: (415) 765-9500
Facsimile: (415) 765-9501
Email: rsteer@akingump.com
ngregory@akingump.com

HYONGSOON KIM (SBN 257019)
4 Park Plaza, Suite 1900
Irvine, CA 92614
Telephone: (949) 885-4100
Facsimile: (949) 885-4101
Email: kimh@akingump.com

Attorneys for Defendant VIZIO, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

ROGER LARSEN, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

VIZIO, INC.,

Defendant.

Case No.: 8:14-cv-01865-CJC-JCG

**VIZIO'S APPLICATION FOR LEAVE TO FILE UNDER SEAL: (1) OPPOSITION TO MOTION FOR CLASS CERTIFICATION, (2) EXHIBITS ATTACHED TO THE DECLARATION OF NICHOLAS GREGORY, AND (3) THE DECLARATION OF PAUL HERNANDEZ**

Date Action Filed: November 24, 2014
Trial Date: May 23, 2017

Judge: Hon. Cormac J. Carney
Date: February 27, 2017
Time: 1:30 p.m.
Courtroom: 9B

[Declaration of Hyongsoon Kim and Unredacted Versions of Exhibits 1, 11, 16, 19, and 25 Proposed to be Filed Under Seal Filed Concurrently Herewith]

## I. INTRODUCTION

Pursuant to Local Rule 79-5 and paragraph 19 of the Stipulated Protective Order (ECF No. 38), Defendant VIZIO, Inc. ("Vizio") hereby seeks leave to file the following documents under seal:

(1) Vizio's Opposition to Plaintiff's Motion for Class Certification at 4:17-19, 9:9-11, 26:25-28, 27:1-7, 27:19-28, 28:1-7, 28:10-17;

(2) Exhibits 1, 2, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 25, 26, 27, 28, 29, and 38 attached to the Declaration of Nicholas Gregory in Opposition to Plaintiff's Motion for Class Certification ("Gregory Declaration"); and

(3) The Declaration of Paul Hernandez in Support of Vizio's Opposition to Plaintiff's Motion for Class Certification ("Hernandez Declaration") at pp. 3:17-20, 3:24-27, 4:5-6, 4:10-11, 4:14-19, 4:23-25, 5:1-5; 5:10-11, 5:14-17, 5:21-24, 5:28, 6:1-2, 6:6-7, 6:10-12.

Pursuant to the parties' Protective Order, the parties may designate certain documents as "Confidential Information" or "Highly Confidential Information" and restrict their dissemination and disclosure. *See* ECF No. 38, ¶¶ 2-3, 6, 19. Any information or material which has been designated as "Confidential" or "Highly Confidential" may not be disclosed publicly and may only be disclosed or made available to certain designated persons, such as the Court and counsel for parties to this action. *Id.*

Each of the exhibits described above have been marked "Confidential" and/or "Highly Confidential" and good cause exists to grant Vizio's Application for Leave to File Under Seal. Indeed, the Court previously approved the filing under seal of exhibits in connection with Plaintiff's Motion for Class Certification (ECF No. 74). The exhibits requested to be filed herein fall within the same categories of competitively sensitive, non-public proprietary information, and should also be sealed.

## II. ARGUMENT

### A. Applicable Legal Standard.

In the Ninth Circuit, to overcome the presumption that court records be open to the public, a party must meet one of two standards: "good cause" or "compelling reasons" outweighing the public policy favoring disclosure. The "good cause" standard applies to the sealing of documents attached to nondispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("In sum, we treat judicial records attached to dispositive motions differently from records attached to nondispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy. A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions."). The "compelling reasons" standard, which does not apply here, pertains to the sealing of documents attached to dispositive motions. *Id.* at 1179 ("compelling reasons" exist "when such court files 'might have become a vehicle for improper purposes,' such as to promote public scandal, circulate libelous statements, or release trade secrets"); *see also Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009).

A Motion for Class Certification, such as the one at issue here, is not a dispositive motion – *i.e.*, it cannot resolve the case and adjudicate the rights of parties with finality. Courts generally reserve the "dispositive" label for summary judgment motions and motions to dismiss. *See, e.g., California ex rel. Lockyer v. Safeway, Inc.*, 355 F. Supp. 2d 1111, 1115 (C.D. Cal. 2005) (explaining that dispositive motions such as summary judgment motions require a higher showing to deny public access because "summary judgment adjudicates substantive rights and serves as a substitute for trial."). This understanding comports with the general definition of a "dispositive" motion as one that "bring[s] about a final determination." *Black's Law Dictionary* (10th ed. 2015).

As such, the "good cause" (and not the higher "compelling reasons") standard is applicable to the sealing of documents in connection with Plaintiff's Motion for Class Certification and Vizio's Opposition thereto. *See, e.g.*, *Buchanan v. Homeservices Lending LLC*, 2012 WL 5505775, at *1-2 (S.D. Cal. Nov. 13, 2012) (describing motion for class certification as non-dispositive motion and subject to the "good cause" standard); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 U.S. Dist. LEXIS 85375, at *11-12 (N.D. Cal. 2013) (holding that class certification motion is not dispositive of plaintiff's claims and applying good cause standard); *Nygren v. Hewlett-Packard Co.*, 2010 U.S. Dist. LEXIS 59094, at *8-9 (N.D. Cal. May 25, 2010) (same).

To satisfy the "good cause" standard, a party must make a "particularized showing" sufficient to warrant a protective order under Fed. R. Civ. P. 26. *Kamakana*, 477 F.3d at 1180 ("Thus a 'particularized showing,' under the 'good cause' standard of Rule 26(c) will 'suffice to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions.").

**B. <u>Good Cause Exists to Seal the Documents Contained in Vizio's Application for Leave to File Under Seal.</u>**

Vizio seeks leave to file under seal the following exhibits to the Gregory Declaration: Exhibits 1, 2, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 25, 26, 27, 28, 29, and 38.[1] The "good cause" standard is satisfied with respect to these exhibits and they should thus be sealed. The exhibits also satisfy the stricter "compelling reasons" standard.

As explained in greater detail in the accompanying Declaration of Hyongsoon Kim, these exhibits were marked by Vizio as "Confidential" and/or "Highly

---

[1] Vizio requests that each of these exhibits be sealed in their entirety except for Exhibits 1, 11, 16, 19, and 25, which Vizio requests be partially sealed. Unredacted versions of Exhibits 1, 11, 16, 19, and 25 with proposed redactions highlighted are submitted concurrently herewith in accordance with L.R. 79-5.2.2(b)(i).

Confidential" and contain internal, non-public proprietary information related to marketing strategy, consumer communications regarding refresh rates, and negotiations with Vizio's retail partners. Declaration of Hyongsoon Kim ("Kim Decl."), ¶¶ 11-22. Additionally, the deposition testimony Vizio seeks leave to file under seal contains testimony from Vizio employees and/or consultants discussing marketing and retailer strategy and business models, which relies on internal and non-public information and is highly confidential. *Id.*, ¶¶ 23-34.

The disclosure of these documents would harm Vizio for the following reasons. Disclosure would harm Vizio's "competitive standing" and would provide Vizio's competitors with unfair and unintended insight into how Vizio prices and markets its products. *Id.*, ¶¶ 16-18, 20, 25-26. Disclosure would also expose consumer comments to the public and violate the privacy of consumers who did not expect to have their comments publicly revealed, creating a disincentive for members of the public to provide feedback to Vizio in the future. *Id.*, ¶ 12. Disclosure would reveal Vizio's confidential and proprietary strategy for responding to consumer feedback, as well as exposing its business methods to competitors. *Id.*, ¶ 13. And disclosure would harm Vizio's competitive advantage in its relationship with its retailer partners by allowing competitors to leverage confidential information to undercut Vizio. *Id.*, ¶ 17. Good cause thus exists, for these and additional reasons outlined in the Declaration of Hyongsoon Kim, to seal these documents.

## III. <u>CONCLUSION</u>

For the reasons set forth above, and in line with the parties' Protective Order and Local Rule 79-5, Vizio respectfully requests that the Court grant it leave to file the following under seal:

1. Vizio's Opposition to Plaintiff's Motion for Class Certification at 4:17-19, 9:9-11, 26:25-28, 27:1-7, 27:19-28, 28:1-7, 28:10-17;

2. The following exhibits attached to the Gregory Declaration, all of which were designated confidential: **Exhibit 1** (excerpts of deposition testimony of John Schindler, June 1, 2016); **Exhibit 2** (VIZIO-LARSEN001539); **Exhibit 7** (VIZIO-LARSEN0003587-VIZIO-LARSEN0003588); **Exhibit 8** (VIZIO-LARSEN0001442, VIZIO-LARSEN0001469-VIZIOLARSEN0001471); **Exhibit 9** (VIZIO-LARSEN0007192- VIZIO-LARSEN0007193); **Exhibit 10** (VIZIO-LARSEN0003288-VIZIO-LARSEN0003289); **Exhibit 11** (VIZIO-LARSEN0003677-VIZIO-LARSEN0003684); **Exhibit 12** (VIZIO-LARSEN0003466-VIZIO-LARSEN0003467); **Exhibit 13** (VIZIO-LARSEN0003469-VIZIO-LARSEN0003479); **Exhibit 14** (VIZIO-LARSEN0001970); **Exhibit 15** (VIZIO-LARSEN0003422- VIZIO-LARSEN0003423); **Exhibit 16** (excerpts of deposition testimony of Scott Patten, September 27, 2016); **Exhibit 17** (VIZIO-LARSEN0013943); **Exhibit 18** (VIZIO-LARSEN0017592-VIZIO-LARSEN0017593); **Exhibit 19 (**excerpts of deposition testimony of Scott Patten, June 15, 2016); **Exhibit 20** (VIZIO-LARSEN0017607-VIZIO-LARSEN0017608); **Exhibit 21** (VIZIO-LARSEN0017573-VIZIO-LARSEN0017574); **Exhibit 25** (VIZIO-LARSEN0003605-VIZIO-LARSEN0003611); **Exhibit 26** (VIZIO-LARSEN0006378-VIZIO-LARSEN0006382); **Exhibit 27** (VIZIO-LARSEN0001957); **Exhibit 28** (VIZIO-LARSEN0003655); **Exhibit 29** (VIZIO-LARSEN0007827-VIZIO-LARSEN0007837); and **Exhibit 38** (excerpts of deposition testimony of Jennifer Schindler, September 15, 2016); and
3. The Hernandez Declaration at pp. 3:17-20, 3:24-27, 4:5-6, 4:10-11, 4:14-19, 4:23-25, 5:1-5; 5:10-11, 5:14-17, 5:21-24, 5:28, 6:1-2, 6:6-7, 6:10-12.

Dated: December 9, 2016

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: /s/ Nicholas Gregory
Nicholas Gregory

Attorneys for Defendant VIZIO, INC.